UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHELS CONSTRUCTION, INC.
817 Main Street
Brownsville, WI 53006,

    Plaintiff,

v.

Case No.     26-CV-355

PM JENKINS GROUP-PROFESSIONAL
MANAGEMENT SERVICES LLC d/b/a
W4 CONSTRUCTION GROUP LLC
4341 South Westnedge Avenue, Suite 2200
Kalamazoo, MI 49008

and

PERCY M. JENKINS
7835 W O Avenue
Kalamazoo, MI 49009,

    Defendants.

# COMPLAINT

Plaintiff Michels Construction, Inc. ("Michels") states the following allegations in support of its Complaint against PM Jenkins Group-Professional Management Services LLC d/b/a W4 Construction Group LLC ("W4") and its owner, Percy M. Jenkins ("Jenkins").

## Nature of this Action

1. This action arises out of a subcontractor agreement pursuant to which Michels agreed to provide construction services to prime contractor W4 on a U.S. Army Corps of Engineers project in Appleton, Wisconsin.

2. The project involved the construction of five dam gates on the Fox River. Michels completed its work under the subcontract to W4's satisfaction, but despite receiving payment from the government, W4 did not pay Michels the amount due under the subcontract.

3. W4 has not raised any disputes or claimed any offsets under the subcontract and has refused to engage with Michels to discuss the outstanding balance of $774,689.69, so Michels is compelled to bring this action to enforce the subcontract and remedy W4's theft of government funds rightfully owed to Michels.

4. Jenkins is named as a defendant because as owner and CEO of W4, Jenkins is jointly and severally liable for W4's theft under Wisconsin law.

## The Parties

5. Michels Construction, Inc. is a Delaware corporation with its principal place of business at 817 Main Street, Brownsville, Wisconsin 53006. Michels is a citizen of the States of Delaware and Wisconsin.

6. PM Jenkins Group-Professional Management Services LLC d/b/a W4 Construction Group LLC is a Michigan limited liability company with its principal place of business at 4341 South Westnedge Avenue, Suite 2200, Kalamazoo, Michigan 49008 and may be served via its registered agent Percy M. Jenkins at registered office address 7835 W O Avenue, Kalamazoo, Michigan 49009. Upon information and belief, W4 is a citizen of the State of Michigan, as Jenkins, its sole member, is a citizen of Michigan.

7. Percy M. Jenkins is a citizen of the State of Michigan residing at 7835 W O Avenue, Kalamazoo, Michigan 49009.

2

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Michels and W4 are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over the defendants pursuant to Federal Rule of Civil Procedure 4(k), Wis. Stat. §§ 801.05(1)(d) and 801.05(5)(a)-(b), and the parties' consent to the Court's jurisdiction in § 11.2 of their subcontract

10. This action properly lies in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Michels's claims occurred in this judicial district and pursuant to the parties' consent to suit in this Court in § 11.2 of their subcontract.

## Factual Background

### I. Michels and W4 enter into a contract for Michels to provide substantial labor and materials to satisfy W4's government contract.

11. In May and June of 2023, Michels and W4 executed a subcontract agreement pursuant to which Michels would provide "all materials, manpower, equipment, documentation and incidentals necessary/turn key to execute the replacement of tainter gates 1-5 at Appleton Lower Dam" (the "Subcontract").

12. Michels's work under the Subcontract was intended to satisfy a significant portion of W4's obligations under Contract No. W912P623C0011 with the U.S. Army Corps of Engineers (the "Prime Contract").

13. Aside from two on-site personnel, W4's role in performing the work required by the Prime Contract was limited to primarily administrative functions, including, without

3

Case 2:26-cv-00355-LA    Filed 03/04/26    Page 3 of 8    Document 1

limitation, Project Management, Scheduling, Quality Assurance, Site Safety Health Officer Services, Submittals, and other documentation per the plans and specifications

## II. Michels performs its work without complaint or objection by W4 but W4 stops paying Michels midway through the project.

14. From Fall 2024 through Winter 2025, Michels performed its work under the Subcontract, submitting pay applications to W4 monthly when work had been performed the prior month.

15. The Subcontract required W4 to pay Michels within ten calendar days of W4's receipt of payment from the government for billed Subcontract charges.

16. The first pay application Michels submitted to W4 was dated October 9, 2024. W4 submitted this to the government, received payment, and paid Michels within 23 days of Michels's submission of the pay application.

17. In subsequent months W4 took longer and longer to remit government funds to Michels, with the November 2024 application taking 52 days, the December 2024 application taking 75 days, and the January 2025 application taking 75 days.

18. After paying Michels's January 2025 pay application in April 2025, W4 stopped paying altogether.

19. Michels submitted a pay application on February 27, 2025 totaling $308,359.22 but never received payment under this application. Upon information and belief, W4 submitted this application to the government, received payment, and knowingly diverted funds to other uses.

20. Michels submitted a pay application on May 2, 2025 totaling $382,961.22 but never received payment under this application. Upon information and belief, W4 submitted

this application to the government, received payment, and knowingly diverted funds to other uses.

21. Michels submitted a pay application on December 9, 2025 totaling $83,369.25 but never received payment under this application. Upon information and belief, W4 submitted this application to the government, received payment, and knowingly diverted funds to other uses.

22. Michels's unpaid applications total $774,689.69, all of which W4 has already received from the government and illegally diverted to other uses unrelated to the Prime Contract or the Subcontract.

### First Cause of Action: Breach of Contract

23. Michels incorporates by reference each of the allegations contained in paragraphs 1-22 above as if set forth fully herein.

24. Pursuant to § 11.2 of the Subcontract, this dispute is governed by the laws of the State of Wisconsin.

25. The Subcontract is a valid and enforceable contract under Wisconsin law.

26. Michels performed all of its duties and obligations under the Subcontract without complaint, objection, or a claim to any setoff by W4.

27. Michels has performed all conditions precedent necessary to receive payment under the Subcontract.

28. W4 had an unambiguous duty under the Subcontract to remit to Michels any payment received by the government under Michels's pay applications within 10 calendar days of receipt.

5

29. W4 has breached the Subcontract by receiving payment from the Government under Michels's pay applications dated February 27, 2025; May 2, 2025; and December 9, 2025 but failing to remit any amount to Michels for those pay applications.

30. Michels has performed all conditions precedent to file suit under the Subcontract.

31. W4's breach has damaged Michels in the amount of $774,689.69 and Michels is entitled to recover that amount plus pre- and post-judgment interest.

**Second Cause of Action: Theft by Contractor under Wis. Stat. §§ 779.02(5) & 895.446**

32. Michels incorporates by reference each of the allegations contained in paragraphs 1-31 above as if set forth fully herein.

33. Pursuant to Wis. Stat. § 779.02(5), all moneys paid to any prime contractor by any owner for improvements constitute a trust fund in the hands of the prime contractor to the amount of all claims due or owing from the prime contractor for labor, services, and materials used for the improvements until all the claims have been paid.

34. The use of any trust funds identified under Wis. Stat. § 779.02(5) by any prime contractor for any purpose other than payment of outstanding claims for labor, services, and materials provided for the improvements is theft by the prime contractor under § 779.02(5).

35. W4 received funds from the government intended to satisfy Michels's pay applications from February, May, and December 2025 and those funds constituted a trust fund in W4's hands until paid to Michels.

36. Rather than pay Michels the funds held in trust, W4 diverted those funds to other uses unrelated to the Prime Contract or the Subcontract.

6

37. W4's diversion of funds constitutes theft by contractor under Wis. Stat. § 779.02(5).

38. Because W4 is a limited liability company, its diversion/misappropriation is deemed theft by Percy M. Jenkins because he is an owner and officer of the company responsible for the misappropriation.

39. W4 and Jenkins are civilly liable for the misappropriated funds pursuant to Wis. Stat. § 779.02(5).

40. W4 and Jenkins are also liable for civil theft under Wis. Stat. § 895.446.

41. Michels suffered a loss of $774,689.69 as a result of W4's and Jenkins's intentional conduct prohibited under Wis. Stat. § 943.20.

42. Pursuant to Wis. Stat. § 895.446(3), Michels is entitled to its actual damages, all costs of investigation and litigation, and exemplary damages of not more than three times Michels's actual damages.

43. Michels is further entitled to punitive damages pursuant to Wis. Stat. § 895.043 because W4 and Jenkins acted maliciously toward Michels or in an intentional disregard of the rights of Michels by knowingly and deliberately committing theft by contractor/civil theft.

**WHEREFORE**, Michels respectfully requests that this Court enter judgment under as follows:

A. Awarding Michels the full value of any and all compensatory damages it suffered as a result of W4's breach of the Subcontract;

B. Awarding Michels treble damages under Wis. Stat. § 895.446(3);

C. Awarding Michels its costs and expenses incurred in this proceeding, including all costs of investigation and litigation; and pre- and post-judgment interest, as allowed by law;

D. Awarding Michels punitive damages in an amount to be determined at trial; and

E. For any further relief that this Court deems proper and just.

Dated this 4th day of March 2026.

        **GASS TUREK LLC**
        Attorneys for Plaintiff Michels Construction, Inc.

        *s/Daniel A. Manna*
        Daniel A. Manna, WBN 1071827
        Joshua S. Greenberg, SBN 1107959
        241 N. Broadway, Suite 300
        Milwaukee, Wisconsin 53202
        (414) 223-3300 – phone
        (414) 224-6116 – fax
        manna@gassturek.com
        greenberg@gassturek.com